UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

D-1 CARLOS MIGUEL FLORES,
D-2 CORTNEY JAVON WYATT,

       Defendants.
_____/

Case No: 24-20579

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANTS' MOTIONS TO SUPPRESS [35, 36]**

       Defendant Carlos Flores and Defendant Cortney Wyatt have each been charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 23.) The matter is before the Court on Defendants' respective motions to suppress evidence seized after both Defendants were searched following a traffic stop. (ECF Nos. 35; 36.) The Government opposed the motions. (ECF No. 39.) The Court held a hearing on June 17, 2025.

       Defendant Flores argues that the Detroit Police officers lacked reasonable suspicion or probable cause to prolong the traffic stop beyond its original purpose. (ECF No. 35.) He argues he should have been free to leave before he stated he had a gun and a firearm was recovered from his person. *Id.* Defendant Wyatt also argues the officers did not have a reasonable suspicion of criminal activity to justify extending the traffic stop beyond that purpose, and he should have been released before he was frisked and a firearm was found on him. (ECF No. 36.)

**I.     Background**

1

This case arises out of a traffic stop and the subsequent searches of Defendants on July 2, 2024. (ECF No. 35, PageID.178.) Officers Joseph Anthony and Isaac Clark noticed Defendant Flores driving a vehicle with tinted front driver and passenger-side windows in violation of Mich. Comp. Laws § 257.709(1)(a). (ECF No. 39, PageID.321.) After initiating the stop, Defendant Flores rolled down his windows, and Officer Anthony noted a smell of burnt marijuana. *Id.* at 324. He also observed used marijuana cigarettes in the center console area. *Id.* Officer Anthony could also see a bag of marijuana in the center console; that marijuana, along with other marijuana that Defendant Flores showed him, was acknowledged by Defendant Flores to be about two ounces. *Id.* After Officer Anthony ran checks on Defendant Flores' license and registration, he asked Defendant Flores to step out of the vehicle for a standard field sobriety test ("SFST") to ensure he was not under the influence of marijuana. *Id.* at 325. By the time Officer Anthony got back to the vehicle, Defendant Flores was on the phone with his lawyer and refused to step out. (ECF No. 35, PageID.180.) His attorney told him to follow the officer's instructions, and, as he exited the vehicle, he informed Officer Anthony that he had a firearm on him.[1] *Id.* Officer Anthony patted Defendant Flores down, found a firearm, and arrested him. *Id.* After Defendant Wyatt was detained in handcuffs by Officer Clark but declined to consent to a pat down, he was frisked anyway by Officer Anthony, a firearm was found on him, and he was arrested as well. (ECF No. 39, PageID.326.)

**II.     Legal Standard**

---

[1] At the outset of the traffic stop, Officer Anthony asked Defendant Flores if he has a concealed pistol license, to which Defendant Flores said he does not. (ECF No. 39, PageID.323.)

"The Fourth Amendment protects '[t]he right of the people to be secure in their persons, houses, papers, and effects,' including vehicles, 'against unreasonable searches and seizures.'" *United States v. Snoddy*, 976 F.3d 630, 632 (6th Cir. 2020) (quoting U.S. Const. amend. IV). In the first instance, officers can validly stop a vehicle without a warrant if they have probable cause to believe the driver committed a civil traffic violation. *Cruise-Gulyas v. Minard*, 918 F.3d 494, 496 (6th Cir. 2019). In this context, probable cause requires there be "a probability or substantial chance" a traffic violation was committed. *See Dist. of Columbia v. Wesby*, 538 U.S. 48, 57 (2018) (citing *Illinois v. Gates*, 462 U.S. 213, 243-44, n. 13 (1983)). To exceed the scope or duration of a traffic stop, an officer must have a "reasonable suspicion to continue the stop on unrelated grounds." *United States v. Whitley*, 34 F.4th 522, 529 (6th Cir. 2022) (quotation marks omitted) (quoting *Rodriguez v. United States*, 575 U.S. 348, 354 (2015)). "Reasonable suspicion requires 'more than a mere hunch, but is satisfied by a likelihood of criminal activity less than probable cause.'" *United States v. Lyons*, 687 F.3d 754, 763 (6th Cir. 2012) (quoting *Dorsey v. Barber,* 517 F.3d 389, 395 (6th Cir. 2008)).

III.   **Analysis**

    A.   **The Traffic Stop**

Mich. Comp. Laws § 257.709(1)(a) prohibits operating a motor vehicle with a tinted film on the front or passenger windows except for circumstances not raised here. The officers here observed the vehicle Defendant Flores was driving, including its tinted front windows, from directly behind it and observed him make a turn. (ECF No. 39, PageID.321-22.) From these observations the officers had probable cause to believe

3

Defendant Flores committed a traffic violation for illegally tinted windows. Thus, Defendants were lawfully seized for a traffic stop.

## B. Investigation into Driving Under the Influence of Marijuana

While conducting the traffic stop, Officer Anthony noted an odor of burnt marijuana from the vehicle, observed marijuana in the center console, and proceeded to investigate Defendants for illegal consumption of marijuana. Mich. Comp. Laws § 333.27954(1)(a), (g) respectively prohibit "being in physical control of any motor vehicle . . . while under the influence of marihuana" and "consuming . . . or smoking marihuana within the passenger area of a vehicle upon a public way." The odor of burnt marijuana, the sight of burnt marijuana cigarettes in the center console area, and two bags of marijuana in the vehicle are sufficient circumstances to give an officer a reasonable suspicion that the driver may be under the influence of marijuana or that marijuana was consumed in the passenger area while the vehicle was on a public road.[2] Courts consider whether there was reasonable suspicion under the totality of the circumstances available to law enforcement officers at the time, *Lyons*, 687 F.3d at 763, and Defendant Flores points out that Officer Anthony stated to his supervisor he did not think Defendant Flores was high, he did not know how long ago the marijuana cigarettes had been lit, he did not observe erratic driving, and did not observe glassy eyes or slurred speech. (ECF No. 35, PageID.184-86.) However, even if Officer Anthony's subjective state of mind was controlling, officers need not be free of doubt that a crime has taken place to prolong a traffic stop and

---

[2] Defendant Flores points to *People v. Armstrong*, 1 N.W. 3d 299 (Mich. Ct. App. 2022), for the proposition that an odor of marijuana from a vehicle does not, on its own, give officers a reasonable suspicion to prolong a traffic stop or probable cause to arrest. (ECF No. 35, PageID.185-86.) However, the Government points out important distinctions between that case and the circumstances here. The vehicle in *Armstrong* was found parked outside a home, not pulled over from a public road like Defendant Flores. Thus, providing another relevant factor for suspecting violations of Mich. Comp. Laws § 333.27954.

4

investigate. All that is required is a reasonable suspicion, which is a lower standard than probable cause. Therefore, Officer Anthony lawfully extended the traffic stop beyond its original purpose to investigate potential illegal marijuana use; the detention of Defendant Flores for the purpose of conducting a SFST was reasonable investigative conduct. Accordingly, the Detroit Police officers were acting lawfully when a firearm was recovered from Defendant Flores, and they were acting lawfully when a firearm was found on Defendant Wyatt[3] as well.

## IV. Conclusion

For the foregoing reasons, the Court DENIES Defendants motions to suppress.


SO ORDERED.

                                                  s/ Nancy G. Edmunds
                                                  Nancy G. Edmunds
                                                  United States District Judge

Dated: July 2, 2025


I hereby certify that a copy of the foregoing document was served upon counsel of record on July 2, 2025, by electronic and/or ordinary mail.

                               s/ Marlena Williams
                               Case Manager

---

[3] In his motion, Defendant Wyatt challenges the officers' prolonging the traffic stop but does not appear to challenge that the officers could legally frisk him. However, at the evidentiary hearing, his counsel cited to *Minnesota v. Dickerson*, 508 U.S. 366 (1993), arguing that the seizure of the firearm was illegal because the incriminating character of the contraband felt in his pocket during the frisk was not immediately apparent. However, Defendant Wyatt has not presented factual allegations or support that the bulge of the firearm by sense of touch was not immediately apparent to Officer Anthony. *See United States v. Rodriguez-Suazo*, 346 F.3d 637, 643 (6th Cir. 2003) ("the burden of proof is upon the defendant to display a violation of some constitutional . . . right justifying suppression") (quotation marks omitted) (quoting *United States v. Feldman*, 606 F.2d 673, 679, n.11. (6th Cir. 1979)).